IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CASTORINO,<br><br>        Plaintiff,<br><br>  v.<br><br>TRUE NORTH INVESTMENTS LLC,<br><br>        Defendant.<br>_____/ | No. C 11-03872 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT** |

Before the Court is plaintiff's motion to summarily enforce an agreement allegedly entered into by plaintiff and defendant. On October 20, 2011, defendant filed an opposition to this motion, and on October 28th, plaintiff filed a reply. A hearing is scheduled for this matter on December 2, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for submission without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion.[1]

**BACKGROUND**

This action arises out of a settlement agreement signed by plaintiff and an alleged agent of defendant as a result of mediation on June 14, 2011. Compl. at ¶ 8. Plaintiff Michael Castorino was the CEO of and had equity interest in Welkins LLC. *Id.* at ¶ 5. Defendant True North Investments, LLC

---

[1] Plaintiff has also filed an ex parte motion to strike defendant's "Objections to Evidence." Because the Court does not rely on any evidence submitted by plaintiff or defendant in making its ruling, plaintiff's ex parte Motion to Strike is DISMISSED as MOOT. The parties can re-raise their objections to submitted evidence at the summary judgment stage.

("TNI") is the parent company of True North Equities, LLC ("TNE"). *Id.* at ¶ 4. Plaintiff alleges that TNI, through TNE, purchased a controlling equity interest in Welkins LLC. *Id.* at ¶ 6. A dispute arose between plaintiff and TNI and the parties submitted their dispute to mediation. *Id.* at ¶ 8. At the mediation session, the parties executed an Agreement which was "binding, enforceable pursuant to California Code of Civil Procedure § 664.6, and admissible in any enforcement action." *Id.* at ¶ 11. The Agreement was signed by plaintiff and Robert Luby, "Managing Member, on behalf of True North Investments, LLC." *Id.*, Ex.A. The terms required TNI to pay plaintiff within thirty days of the Agreement, which defendant has not done. *Id.* at ¶¶ 12, 15.

Plaintiff filed this action alleging breach of contract and breach of the covenant of good faith and fair dealing. On October 6, 2011, plaintiff filed a motion to enforce settlement. Defendant argues that this Court lacks the jurisdiction to enforce the Agreement and further, that no enforceable Agreement exists because Robert Luby was not an agent of TNI.

**LEGAL STANDARD**

A federal court "has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987). The court may only enforce complete settlement agreements, and thus where the "existence or terms of an agreement to settle are in dispute, the parties are allowed an evidentiary hearing." *Id.*

As to state law, California Code of Civil Procedure § 664.6 provides: "If parties to pending litigation stipulate . . . for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." This section allows the court to enforce a settlement contract through a summary procedure without the need for the parties to file a new lawsuit. *Wedding Prods., Inc. v. Flick,* 60 Cal. App. 4th 793, 809 (Ct. App. 1998). However, this summary procedure to obtain judgment may only be used where a settlement was reached in a pending litigation; it cannot be used to enforce a settlement reached before suit was filed. *Kirby v. Southern Calif. Edison Co.,* 78 Cal. App. 4th 840, 843-44 (Ct. App. 2000). Nor may parties may stipulate, in an extra-judicial settlement agreement, that the settlement may later be enforced as a judgment using the summary procedure of § 664.6. *Housing Group v. United Nat. Ins. Co.,* 90 Cal. App. 4th 1106, 1111 (Ct. App. 2001).

**DISCUSSION**

Federal courts may summarily enforce an agreement to settle a case pending before it. *See Callie,* 829 F.2d at 888. Because the Agreement here was entered into before any action was filed in federal court, this Court cannot summarily enforce it.

Plaintiff relies on *Facebook, Inc. v. Pacific Northwest Software, Inc.,* 640 F.3d 1034 (9th Cir. 2011) for the proposition that the court's equitable power to summarily enforcement settlements is not limited by whether or not the case was pending before the court. *Facebook* is factually distinguishable from the instant case. In *Facebook,* the Winklevosses, ConnectU, Mark Zuckerberg and Facebook were adversarial parties to several lawsuits. *Id.* at 1036. The Winklevosses were dismissed as individual defendants based on a lack of personal jurisdiction. The parties were later ordered to a mediation session to settle *all* of their disputes. *Id.* As a result of mediation, all of the parties signed a single settlement agreement. In a dispute arising from that settlement agreement, the District Court had jurisdiction to enforce the agreement because three of the signatories were parties in a dispute pending before the court. *Id.* As for the Winklevosses, the court found they had by that point consented to personal jurisdiction as signatories to the Agreement. *See* Order Denying the ConnectU Founders' Motion to Intervene at 5, *Facebook, Inc. v. ConnectU, Inc.,* No. 07-1389 (N.D. Cal. 2008), Doc. 610 ("The Motion to Enforce . . . the Settlement Agreement, although filed under a case number in which the ConnectU Founders [the Winklevosses] were not already parties, was an ancillary proceeding in which Facebook and Zuckerberg were nominal Plaintiffs and ConnectU and ConnectU Founders were nominal Defendants. . . as signatories to the Settlement Agreement [the Winklevosses] consented to personal jurisdiction being exercised over them by this Court and to proceedings limited to enforcement of the agreement.") The court could therefore enforce the agreement.

By contrast, here there was no pending litigation before this or any other court that the Agreement purports to resolve. Nor was there prior litigation. Rather, the parties entered into a contract to resolve their dispute without any court involvement. They therefore must litigate their dispute as an independent contract claim.

State law requires the same result. Although the Agreement provides that it will be enforceable pursuant to California Code of Civil Procedure § 664.6, California courts have held that the summary

3

§ 664.6 procedure in available only in pending litigation. *Viejo Bancorp, Inc. v. Wood,* 217 Cal. App. 3d 200, 206 (Ct. App. 1989) ("By its very terms, section 664.6 is limited to settlements reached in pending litigation.") Again, there was no pending litigation at the time the Agreement was signed.

Because the Agreement was reached prior to filing any action before this or any other court, plaintiff's request that this court resolve the dispute as a summary procedure is DENIED.

This is a contract dispute, and may be resolved like any other contract dispute. Among other things, summary judgment procedures are available, as are expedited trial procedures in accordance with this District's General Order 64 (copy attached).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to enforce the settlement agreement.

**IT IS SO ORDERED.**

Dated: November 30, 2011

SUSAN ILLSTON
United States District Judge

# GENERAL ORDER NO. 64

## EXPEDITED TRIAL PROCEDURE

An Expedited Trial offers an abbreviated, efficient and cost effective litigation and trial process. The Northern District of California adopts the following Expedited Trial Procedure as a General Order of the Court:

| | |
|---|---|
| Attachment A | Procedure for Expedited Trials |
| Attachment B | (Form) Agreement For Expedited Trial And Request for Approval |
| Attachment C | (Form) Standing Order For All Judges of the Northern District of California — Contents of Joint Case Management Statement |
| Attachment D | (Form) Standing Order For All Judges of the Northern District of California — Joint Expedited Case Management Statement |

Adopted:   June 21, 2011

For the Court:

*[signature]*
JAMES WARE
Chief Judge

# GENERAL ORDER NO. 64 — ATTACHMENT A

## PROCEDURE FOR EXPEDITED TRIALS

**1.      Expedited Trial Procedure.**

The court encourages parties to agree to an expedited trial. The Expedited Trial Procedure is meant to offer an abbreviated, efficient and cost-effective litigation and trial alternative. Subject to the approval of the assigned judge, the following procedures shall govern. "Expedited Trial" means a consensual, binding trial before a jury or before a judge with limited discovery and limited rights to appeal.

**2.      Effective Date.**

The parties shall file a written agreement, using the court form titled "Agreement for Expedited Trial and Request for Approval." Neither the agreement nor its existence shall be disclosed to the jury. The time schedule for expedited procedures and trial shall begin on the date the agreement is approved by the court.

**3.      Termination of Agreement.**

The agreement may be terminated by the court upon a showing that one or more parties have not participated in good faith with the provisions of this General Order or that previously undisclosed facts have been discovered that make it inappropriate to proceed pursuant to the agreement.

**4.      Applicable Rules.**

The provisions of the Expedited Trial Agreement, as approved by the court, shall supersede and govern over any inconsistencies or conflicts that arise between it and the Federal Rules of Civil Procedure or the Local Rules of this Court. Otherwise, all Federal Rules of Civil Procedure, Rules of Evidence, and Local Rules of this Court shall apply.

**5.      Initial Disclosures.**

If initial disclosures have not been exchanged, or if they are not yet due, the disclosures required by Rule 26(a) (1) (A) shall be exchanged within seven (7) days after the agreement is approved by the court.

**6.      Expedited Trial Conference.**

Immediately upon the filing of the agreement, plaintiff shall contact the courtroom deputy for the assigned judge and request an initial expedited trial conference. The conference shall occur no later than thirty (30) days after the filing of the agreement. Upon request of any party, the court shall permit counsel to appear by telephone. A Joint Expedited Trial Statement shall be filed seven (7) days before the conference addressing all of the topics set forth in the

Standing Order for All Judges of the Northern District of California — Joint Expedited Case Management Statement, found on the Court's website: www.cand.uscourts.gov.

A case management order shall be issued following the conference. Unless otherwise ordered by the court, the order shall require the parties to exchange the documents described in Rule 26(a) (3) of the Federal Rules of Civil Procedure no later than fifteen (15) days before the pretrial conference and shall require the parties to complete all discovery no later than ninety 90 days after the expedited trial conference. All Rule 12 and pleading issues shall be resolved by the court at the expedited trial conference, except as provided in section 10 of this General Order. The court may determine the extent, if any, that previous case management orders on matters subject to the expedited rules shall supersede or be combined with any previous orders.

7. **Pretrial Conference.**

The pretrial conference shall be held no later than one hundred fifty (150) days after the agreement is approved by the court.

8. **Discovery.**

Unless otherwise ordered by the court or by agreement of the parties, discovery shall be limited to ten (10) interrogatories per side, ten (10) document requests, ten (10) requests for admission, and fifteen (15) hours of depositions, per side. The parties may agree or the court may order, that the time for response to written discovery be shortened. Deposition time limits are inclusive of fact witnesses and expert witnesses.

9. **Expert Witnesses.**

No party shall call more than one expert witness to testify, unless permitted by the court or by agreement of the parties.

10. **Pretrial Motions.**

No pretrial motion shall be filed without leave of court, which shall be sought by a letter not to exceed one page. If leave is granted, the motion shall be in letter form, filed with the clerk, unless otherwise ordered. The response to the motion shall be by letter filed with the clerk not later than seven calendar days after receipt of the motion.

Unless otherwise permitted, no letter shall exceed three pages. A letter reply, not to exceed one page may be filed within three days after receipt of opposition. The court may decide the motion without a hearing. If the court finds that a hearing is necessary, it may establish a briefing schedule and order further briefing. Pendency of a dispositive motion shall not stay any other proceedings.

**11.     Trial Date.**

Unless otherwise ordered, trial shall be held no later than six months after the agreement is approved by the court.

**12.     Trial.**

Jury trial will be before six jurors and may proceed before a five-person jury if a juror is unable to serve through conclusion of trial and deliberations.  The court shall conduct all voir dire and shall determine time limits for opening statements and closing argument.  Each side shall have three hours to present evidence, not including time for opening statement and time for closing argument.  There shall be no findings of fact or conclusions of law in non-jury trials.  In multi-party trials, plaintiffs shall divide the three hours among themselves, and defendants shall divide the three hours among themselves.  If the parties cannot agree to a division of trial time, the judge shall order a division.

**13.     Post-trial Motions**

(a)     Post-trial motions shall be limited to determination of costs and attorney's fees, correcting a judgment for clerical error,  conforming the verdict to the agreement, enforcement of judgment and motions for a new trial.

(b)     Within ten (10) court days after notice of entry of a jury verdict, a party may file with the clerk and serve on each adverse party a notice of intention to move for a new trial on any of the grounds specified in section 13(c) of these procedures.  The notice shall be deemed to be a motion for a new trial.

(c)     Grounds for motions for a new trial shall be limited to: (1) judicial misconduct that materially affected the substantial rights of a party; (2) misconduct of the jury; (3) corruption, fraud, or other undue means employed in the proceedings of the court or jury.

**14.     Judgment.**

Judgment shall be entered within 30 days after a bench trial, except as ordered by the court for good cause.

**15.     Appeal.**

Before filing an appeal, a party shall make a motion for a new trial pursuant to paragraph 13 of these procedures.  If the motion for a new trial is denied, the party may appeal the judgment and seek a new trial only on grounds specified in subsection 13(c).  All other grounds for appeal shall be waived and are not permitted, unless the parties agree otherwise.

**GENERAL ORDER NO. 64 ─ ATTACHMENT B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br><br>vs.<br><br>Defendant(s). | Case Number: C 11-xxxx<br><br>**AGREEMENT FOR EXPEDITED TRIAL AND REQUEST FOR APPROVAL** |

The parties agree that all litigation in the above captioned matter shall be governed by General Order No. 64, Procedure for Expedited Trials of the United States District Court for the Northern District of California ("the Expedited Trial Procedure"). This Agreement, when approved by the court, shall be binding on the parties and on the court, subject to the Termination of Agreement provision set forth in paragraph 3 of Attachment A to General Order No. 64.

In addition to the terms set forth in General Order No. 64, the parties elect and agree to the following:

☐ 1. That regardless of the ultimate decision of the jury or the court, plaintiff will receive no less than $_____ in damages from defendant(s), and defendant will pay no more than $_____ in damages to plaintiff. (The floor/ceiling amounts may be kept under seal by filing this document in accordance with General Order 62.)

☐ 2. That plaintiff will receive no less than $_____ in attorney fees and defendant will pay no more than $_____ in attorney fees. The judge shall determine attorney fees within the range agreed by the parties. (The floor/ceiling amounts may be kept under seal by filing this document in accordance with General Order 62.)

GO No. 64 ─ Attachment B page 1

☐ 3. That the judge may order equitable relief consistent with and within the options agreed to by the parties, *e.g.*, injunctive relief, promises to implement policies or practices, etc.

☐ 4. That the following trade-offs to reduce the scope of the litigation and the trial be adopted (*e.g.*, to forego pretrial motions, such as motions to dismiss, motions for summary judgments, etc., in exchange for limitations on damages, including waiver of punitive damages): _____.

☐ 5. That the following limitations on Pre-Trial Conference obligations to the extent permitted by the court be adopted:_____.

☐ 6. That the number of peremptory challenges will be reduced to _____ per side.

☐ 7. That limits on evidentiary matters (*e.g.*, allow hearsay, limit objections in deposition to form and reserving all others) will be altered as follows: _____

☐ 8. Other:_____.

The parties agree that any and all rights to appeal from the judgment are waived by all parties, except as provided in section 15 of Attachment A to General Order No. 64.

Dated:                                       _____
                                             Counsel for plaintiff

Dated:                                       _____
                                             Counsel for defendant

**IT IS ORDERED** that the forgoing Agreement is approved.  The parties shall request an Initial Expedited Trial Proceeding and file a Joint Expedited Trial Statement.

Dated:                                       _____
                                             UNITED STATES DISTRICT JUDGE

GO No. 64 ─ Attachment B page 2

GENERAL ORDER NO. 64 — ATTACHMENT C

STANDING ORDER FOR ALL JUDGES
OF THE NORTHERN DISTRICT OF CALIFORNIA
_____

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issue reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.  Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.  Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.  Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.  Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.  Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17.  Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.  Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.  Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

GENERAL ORDER NO. 64 — ATTACHMENT D

STANDING ORDER FOR ALL JUDGES
OF THE NORTHERN DISTRICT OF CALIFORNIA

_____

CONTENTS OF JOINT EXPEDITED CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require the following information in Joint Expedited Case Management Statements filed pursuant to General Order No. 64, which should not exceed five pages:

1. <u>Expedited Trial Approval</u>: Date Expedited Trial Agreement approved by the Court.

2. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

3. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and General Order No. 64 Attachment A, ¶ 5.

4. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f) and General Order No. 64, Attachment A, ¶ 8.

5. <u>Settlement and ADR</u>: Whether the parties wish a settlement conference before a magistrate judge or some other form of ADR.

6. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

7. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

8. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of motions permitted by General Order No. 64, Attachment A, ¶ 10, pretrial conference, and trial.

9. <u>Trial</u>: Whether the case will be tried to a jury or to the court.

10. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.